**CV 10 4001**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JOHN V. KASSIMATIS

                           Plaintiff,

    -against-

THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY

                           Defendant.
-----------------------------------------------------------------X

Docket #

**COMPLAINT**

**JURY TRIAL DEMANDED**

**WEXLER, J.**

**LINDSAY, M**

FILED IN CLERK'S OFFICE U.S. DISTRICT COURT E.D.N.Y
★ SEP 01 2010 ★
LONG ISLAND OFFICE

Plaintiff, John V. Kassimatis, by his attorney, JOHN S. WALLENSTEIN Esq., brings this action for damages and other and legal equitable relief as a result of defendant's violation of law, as more fully set forth below.

### INTRODUCTION

FIRST:   This is an action brought by Plaintiff challenging acts committed by Defendant which constitute violations of Federal and State Wage and hour laws.

SECOND:   This is an action brought by Plaintiff pursuant to the Fair Labor Standards Act, 29 USC §§ 201-219 ("FLSA"), the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, the Labor Law of the State of New York, and the New York Code of Rules and Regulations.

### JURISDICTION AND VENUE

THIRD:   This Court has jurisdiction pursuant to 28 USC § 1331, which confers original jurisdiction of all civil actions arising under the Constitution,

laws and treaties of the United States; and pursuant to 29 USC § 201 *et.seq.*, the Fair Labor Standards Act.

FOURTH: This Court's supplemental jurisdiction is invoked pursuant to 28 USC § 1367(a), which confers supplemental jurisdiction over state claims arising from a common nucleus of operative facts such that they form part of the same case or controversy as defined in Article III of the Constitution of the United States.

FIFTH: Venue is properly laid in this Court pursuant to 28 USC § 1391(b)(1), in that the defendant The Port Authority of New York and New Jersey (PANYNJ) maintains offices and facilities within the Eastern District of New York and the plaintiff was employed at such facilities within this district.

## PARTIES

SIXTH: Plaintiff John V. Kassimatis is a resident of Suffolk County. From 1974 through July 1, 2009, plaintiff was employed by the Police Department of the PANYNJ. On or about July 1, 2009, Plaintiff retired with the rank of Inspector.

SEVENTH: Defendant PANYNJ is an agency created by an interstate compact between the States of New York and New Jersey, which *inter alia* manages, controls and polices transportation facilities within the Eastern and Southern Districts of New York and the District of New Jersey.

EIGHTH: Defendant PANYNJ is an employer as defined by the Fair Labor Standards Act.

## **FACTS**

NINTH:   For many years, Defendant PANYNJ has maintained a policy whereby law enforcement personnel employed by the Port Authority, and specifically Port Authority police officers, would accrue personal leave time and compensatory time during the course of their service, for which they would be paid upon termination or retirement.

TENTH:   The policy of the PANYNJ was that there was no limit on the amount of personal leave and/or compensatory time which could be accrued by senior police personnel, including those of the rank of Captain or above. Upon termination of employment, the policy of the PANYNJ was to pay the employees for their unused and accrued personal leave and compensatory time at their normal rate of compensation.

ELEVENTH:   On or about July 1, 2009, plaintiff John V. Kassimatis retired with the rank of Inspector from the Police Department of the PANYNJ.

TWELFTH:   Upon retirement, Inspector Kassimatis was entitled to approximately 688 hours of unused and accrued personal leave and compensatory time.

THIRTEENTH:   On or about September 2009, Plaintiff received a final paycheck, which did not include payment for the aforesaid accrued time.

FOURTEENTH: At the time of retirement, and for a period of at least three years prior to his retirement, Inspector Kassimatis was paid at the rate of approximately $76 per hour.

## AS AND FOR A FIRST CAUSE OF ACTION

FIFTEENTH: Plaintiff was entitled upon retirement to be paid for accrued personal leave time and compensatory time, and defendant's refusal to pay such monies was a willful violation.

SIXTEENTH: This practice is a violation of the FLSA, 29 U.S.C. § 207(o).

## AS AND FOR A SECOND CAUSE OF ACTION

SEVENTEENTH: Plaintiff, as a senior police officer, was required to work hours beyond 40 hours per week with a promise that he would be given compensatory time which could be accrued and for which he would be paid upon termination of employment.

EIGHTEENTH: Defendant willfully failed to pay Plaintiff for his accrued personal leave time and compensatory time upon his retirement.

NINETEENTH: This aforesaid practice is in violation of §190 *et seq* of the Labor Law of the State of New York in that defendant failed to pay wages

earned by Plaintiff and thereby effectively reduced Plaintiff's earnings without legal justification or the consent of Plaintiff.

WHEREFORE, Plaintiff demands judgment against defendant PANYNJ as follows:

1) A money judgment in the sum of at least $60,000, including all monetary damages which Plaintiff has sustained as a result of defendant's conduct, including unpaid personal leave time, unpaid compensatory time, and general and special damages for lost compensation;

2) An award to plaintiff of those liquidated damages appropriate and available under the Fair Labor Standards Act;

3) An award to Plaintiff of prejudgment interest as appropriate;

4) An award to plaintiff of the costs and disbursements of this action, including reasonable attorney's fees;

5) Such other and further relief as to this Court seems just, proper and equitable in the circumstances.

DATED: Garden City, New York
August 31, 2010

Yours Etc.,

JOHN S. WALLENSTEIN, ESQ.
Attorney for Plaintiffs
1100 Franklin Avenue, Suite 100
Garden City, New York 11530
(516) 742-5600